FILED

NOV 20 2019

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM J.R. EMBREY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Civil Action No. 19-2535 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The plaintiff is a former federal prisoner. Compl. ¶¶ 1, 4. He alleges that his mandatory release date was June 24, 2017, *id.* ¶¶ 1, 10, yet he remained in custody until November 13, 2018, *id.* ¶ 13. Counts I and II of the complaint raise, respectively, false imprisonment and negligence claims under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80, for which he demands damages totaling $10 million.[1] *See generally* Compl. ¶¶ 15-26. The plaintiff's FTCA claims must be dismissed because he does not demonstrate that the court has subject matter jurisdiction over them.

---

[1] The plaintiff also purports to bring constitutional claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against federal officials or employees in their individual capacities. The factual allegations relevant to a *Bivens* claim are vague at best, and the plaintiff cannot identify the individuals against whom he raises these claims. The Court dismisses these claims and defendants without prejudice.

A plaintiff cannot pursue an FTCA claim against the United States unless he first has presented his claims to the appropriate federal agency and the agency has denied those claims. *See* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 111 (1993). This exhaustion requirement is jurisdictional, and absent any showing by the plaintiff that he has exhausted his administrative remedies, the Court lacks jurisdiction. *See Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005). Furthermore, while the FTCA is one example of an express waiver of the federal government's sovereign immunity, it does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), the court lacks subject matter jurisdiction over any constitutional tort claim the plaintiff brings.

The court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action. In addition, the court will deny the plaintiff's motions for appointment of counsel and for service of process as moot. An Order accompanies this Memorandum Opinion.

DATE: November 15, 2019

TANYA S. CHUTKAN
United States District Judge